IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERESA R. MCKINNEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00427 |
| | § | |
| UHS OF TEXOMA, INC. d/b/a TEXOMA | § | |
| MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT AND JURY DEMAND

Plaintiff TERESA R. MCKINNEY, brings this Title VII retaliation claim against her former employer, Defendant UHS OF TEXOMA, INC., and demands a trial by jury.

In support of her claims, Plaintiff states the following:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Teresa R. McKinney is a licensed Pharmacy Technician residing in Pottsboro, Texas.

2.     Defendant UHS of Texoma, Inc. is a Delaware for-profit corporation doing business, in Grayson County, Texas, as Texoma Medical Center.

3.     Defendant UHS of Texoma, Inc. is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended.

4,     Defendant UHS of Texoma, Inc. employed Plaintiff Teresa R. McKinney from approximately August 1, 2016 through April 24, 2017.

5.     Defendant UHS of Texoma, Inc. employed over 3,000 employees throughout the

time it employed Plaintiff Teresa McKinney.

6.      This Court has jurisdiction over this action pursuant to 42 U.S.C. 2000e-5(f)(3).

7.      Venue is proper in the Sherman Division of the Eastern District of Texas as the unlawful employment practices alleged in this Complaint took place in Grayson County, Texas.

## **FACTS**

8.      Plaintiff Teresa R. McKinney ("McKinney") began working as a Pharmacy Technician for Defendant at Texoma Medical Center on or about August 1, 2016.

9.      At that time, Josiah Schomer ("Schomer") also worked for Defendant as a Pharmacist at Texoma Medical Center.

10.     As a Pharmacist, Schomer held a higher-ranking position at Texoma Medical Center than McKinney.

11.     Schomer was a married man.

12.     McKinney was a single mother.

13.     Schomer sexually propositioned McKinney and another female Pharmacy Technician on or about August 5, 2016.

14.     Without invitation, Schomer sat down at a cafeteria table where McKinney and the other female Pharmacy Technician were eating lunch and began talking about sex.

15.     Schomer asked McKinney and McKinney's female co-worker how they felt about having sex outside of marriage.

16.     Schomer asked McKinney and McKinney's female co-worker if they would consider having sex outside of marriage.

17.     McKinney felt offended and disturbed by Schomer's sudden and unwelcome

inquiry into her willingness to have sex with married men.

18.     McKinney knew Schomer was a married man.

19.     McKinney rejected Schomer's sexual advances.

20.     In September of 2016, Schomer began training to take over as the Director of Pharmacy at Texoma Medical Center.

21.     Schomer became McKinney's direct supervisor soon after he began training to take over as Director of Pharmacy at Texoma Medical Center.

22.     After Schomer became McKinney's supervisor, Schomer hit on McKinney again.

23.     Schomer waited until McKinney was alone with Schomer in Schomer's office.

24.     Schomer then locked his gaze on McKinney's breasts.

25.     McKinney tried to stop Schomer from staring at her breasts by breaking the silence and asking Schomer "What?"

26.     Schomer continued looking at McKinney's breasts, commenting that he really liked the embroidery on her scrub top above her breast.

27.     Schomer made McKinney feel so unsafe that McKinney went to a female Pharmacist to report Schomer's prior and current sexual advances.

28.     The female Pharmacist then shared the information McKinney reported with the Director of the Pharmacy and Human Resources.

29,     After an investigation of McKinney's statements, Human Resources placed Schomer on disciplinary probation in January of 2017.

30.     Schomer became furious at McKinney.

31.     Schomer screamed at McKinney that she was never allowed to be alone with him

in his office ever again.

32.     Schomer believed McKinney had directly reported Schomer's sexual misconduct to the Director of Pharmacy and Human Resources.

33.     Schomer believed McKinney was the sole and direct cause of his disciplinary probation.

34.     Schomer used the power he had as McKinney's supervisor to retaliate against her.

35.     When it came time for Schomer to issue McKinney her annual performance review, Schomer checked the box indicating that McKinney's performance required additional evaluation.

36.     After McKinney saw how Schomer had marked her review, McKinney informed a Human Resources representative that Schomer was retaliating against her because of the sexual harassment complaints that landed him on probation.

37.     Schomer found out that McKinney had reported him to human resources for retaliation.

38.     After Schomer found out that McKinney had reported him to human resources for retaliation, Schomer added a list of negative comments on McKinney's annual performance review that had not appeared on the review when McKinney first saw it.

39.     After Schomer found out that McKinney had reported him to human resources for retaliation, Schomer, Schomer denied McKinney shifts on the Pharmacy Technician rotation schedule.

40.     After Schomer found out that McKinney had reported him to human resources for retaliation, Schomer reported McKinney to Human Resources for taking unexcused absences on days that he had specifically given McKinney permission to take off from work.

41.     After Schomer found out that McKinney had reported him to human resources for retaliation, Schomer told McKinney that Schomer was going to transfer her to a lower-paying job in the supplies room.

42.     After Schomer found out that McKinney had reported him to human resources for retaliation, Schomer wrote a letter on March 28, 2017 recommending that Defendant terminate McKinney's employment.

43.     In the March 28, 2017 letter, Schomer accused McKinney of engaging in insubordination.

44.     In the March 28, 2017 letter, Schomer accused McKinney of failing patients and making "many critical mistakes."

45.     In the March 28, 2017 letter, Schomer accused McKinney of poor attendance and poor performance.

46.     When Defendant did not immediately fire McKinney in response to his March 28, 2017 request, Schomer then issued McKinney an April 19, 2017 written warning.

47.     In the April 19, 2017 written warning, Schomer accused McKinney of committing a medication safety violation that could have resulted in serious patient harm.

48.     Schomer's retaliatory actions and accusations forced McKinney to resign her employment with Texoma Medical Center.

49.     At the time McKinney resigned, Schomer was actively placing McKinney's professional license and reputation in jeopardy by making false patient-related safety accusations against McKinney.

50.     At the time McKinney resigned, Schomer was directly interfering with McKinney's

ability to earn a living as a Pharmacy Technician at Texoma Medical Center by excluding her from the schedule and actively working to either terminate McKinney's employment or demote her to a lower-paying supply room job.

51.     Prior to resigning, McKinney had sought assistance from Human Resources in stopping Schomer's retaliatory conduct.

52.     Defendant's Human Resources representative, however, dismissed and discounted McKinney's concerns.

53.     Defendant's Director of Pharmacy had also made it clear to McKinney that her future in the department depended on Schomer.

54.     Specifically, Defendant's Director of Pharmacy had told McKinney not to waste her money on an $600 course to obtain her IV Certification because Schomer was training to become the Director of Pharmacy and if McKinney couldn't get along with Schomer she wouldn't have a job.

55.     No reasonable Pharmacy Technician would have continued to work for Texoma Medical Center in the hostile environment created by Schomer's retaliatory acts and accusations.

56.     McKinney filed the EEOC Charge of Discrimination attached to this Complaint as Exhibit 1 against Defendant on September 28, 2017.

57.     The EEOC issued McKinney the Right-to-Sue Notice attached to this Complaint as Exhibit 2 on March 27, 2019.

## FIRST CAUSE OF ACTION - RETALIATION

58.     Plaintiff incorporates the preceding paragraphs of the Complaint into this cause of action.

59.    Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from retaliating against employees who oppose or report sexual harassment.

60.    Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from retaliation against employees who oppose or report sexual-harassment-related retaliation.

61.    McKinney opposed and reported Schomer's sexual harassment of her.

62.    McKinney had a good faith believe that Schomer's conduct toward her constituted sexual harassment at the time she opposed and reported his behavior.

63.    After McKinney opposed and reported Schomer for sexual harassment, Schomer became furious at McKinney.

64.    Schomer had a motive to retaliate against McKinney because Schomer blamed McKinney for Defendant's decision to place Schomer on disciplinary probation.

65.    After McKinney opposed and reported Schomer for sexual harassment, Schomer placed McKinney on a performance-related probationary status.

66.    McKinney also opposed and reported Schomer for retaliating against her for reporting sexual harassment.

67.    After McKinney opposed and reported Schomer's sexual harassment and retaliatory conduct, Schomer took even more harmful actions against McKinney designed to punish McKinney for her protected activity.

68.    Schomer's retaliatory actions toward McKinney included making serious and false accusations against McKinney that placed her professional reputation and her professional license at risk.

69.    Schomer's retaliatory actions toward McKinney included negatively affecting

McKinney's pay by denying her shifts and putting through a demotion to a lower-paying supply room job.

70.     Schomer's retaliatory actions toward McKinney included recommending that Texoma Medical Center fire McKinney.

71.     Schomer's retaliatory actions toward McKinney included issuing McKinney her first even formal written warning.

72.  Schomer's retaliatory actions toward McKinney included issuing McKinney her first even formal written warning that accused McKinney of making a medication stocking error that put pregnant mothers and their babies at risk.

73.     Texoma Medical Center's Human Resources Department knew that McKinney was a target for retaliation by Schomer, and, instead of taking any action to protect McKinney, sided with Schomer over McKinney.

74.     Texoma Medical Center's Director of Pharmacy knew that McKinney was a target for retaliation by Schomer, and, instead of taking any action to protect McKinney, continued to train Schomer to take over the entire department as the Director of Pharmacy.

75.     Texoma Medical Center and its agents constructively discharge McKinney by forcing McKinney to resign.

76.     McKinney's protected activity of opposing and reporting sexual harassment was a motivating cause of Schomer's retaliatory actions and accusations and of McKinney's constructive discharge.

77.     In violation of the anti-retaliation protections of Title VII, Schomer and Texoma Medical Center caused McKinney to suffer harm to her professional reputation, emotional distress,

a loss of wages and benefits, lost future earnings and earnings potential, and other non-economic and economic harm.

78.    In causing McKinney this harm, Schomer and Texoma Medical Center acted with malice toward McKinney and with reckless indifference toward McKinney's legal rights.

79.    McKinney, therefore, respectfully asks the Court and the jury to award her compensation for her actual economic damages, the harm to her professional reputation, her emotional distress, her attorney's fees, and her court costs, to award her prejudgment and post judgment interest as allow by law, and to award punitive damages against Texoma Medical Center on account of the malicious and reckless nature of Texoma Medical Center's conduct.

## JURY DEMAND

80.    Plaintiff Teresa R. McKinney requests a trial by jury on all of her causes of action.

Date:          June 10, 2019                    Respectfully submitted,

                                                TREMAIN ARTAZA PLC

                                                /s/ *Christine A. Hopkins*
                                                Christine A. Hopkins
                                                Texas State Bar No. 24095768
                                                christine@tremainartaza.com
                                                Carmen Artaza
                                                Texas State Bar No. 24055114
                                                carmen@tremainartaza.com
                                                13140 Coit Rd., #104
                                                Dallas, TX 75240
                                                Direct: (469) 573-0297
                                                Fax: (214) 254-4941

                                                **COUNSEL FOR PLAINTIFF**

Exhibit 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 450-2017-04387 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Teresa R. McKinney | (903) 423-0160 | 1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 206 Lucky 13, Pottsboro, TX 75076 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TEXOMA MEDICAL CENTER | 500 or More | (903) 416-4000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5016 Us 75,  Denison, TX 75020 | |

Tammy Johnson Senior Investigator

Digitally signed by Tammy Johnson
Senior Investigator
DN: cn=Tammy Johnson
Senior Investigator, o=Atlanta
District Office, ou=EEOC,
email=tammy.johnson@eeoc.gov,
c=US
Date: 2017.09.28 10:12:22 -05'00'

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 01-01-2017 | 04-24-2017 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. PERSONAL HARM:**
My complaint about Josiah Schomer sexual harassing me was reported to Human Resources. Afterwards, I began receiving criticism and discipline in that he told me I killed and abandon a patient; excluded from the schedule rotation; prevented me from getting IV certified; I was made to do deliveries; told I would be going to supplies because I am not doing a good job; and given a written warning notification.  On 4/24/2017, I was forced to resign from my position of Pharmacy Technician due to the ongoing harassment.

**II. RESPONDENT'S REASON FOR ADVERSE ACTION:**
No reason given.

**III. DISCRIMINATION STATEMENT:**
I believe I have been retaliated against for having opposed of unlawful acts made under Title VII in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| *Teresa McKinney* | *Teresa McKinney* |
| **Sep 28, 2017**            *Teresa McKinney* | |
| Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| | 09/28/2017 |

Exhibit 2

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Teresa R. McKinney<br>206 Lucky 13<br>Pottsboro, TX 75076 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2017-04387 | Patrick W. Alexander,<br>Investigator | (214) 253-2881 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Belinda F. McCallister,
**District Director**

3/27/2019
*(Date Mailed)*

cc:  Samantha Bononno, Employment Counsel
UHS of Delaware Inc.
367 South Gulph Road
King of Prussia, PA 19406
**(Texoma Medical Center)**